UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NATHAN D. HALLMEYER,**

    **Plaintiff,**

v.                                                  Case No. 8:12-cv-2876-T-30TBM

**GATEWAY CLIPPERS LLC,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 6) and Defendant's Response in Opposition (Dkt. 10). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Plaintiff's motion should be granted.

## BACKGROUND

Plaintiff Nathan D. Hallmeyer originally filed this action on or about November 15, 2012, in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, against Defendant Gateway Clippers LLC for alleged violations of the Florida Civil Rights Act ("FCRA"). The complaint alleges that Plaintiff was subjected to unwelcome sexual harassment and was retaliated against for engaging in protective activity. The complaint alleges damages in excess of $15,000 and seeks, among other things, damages for

lost wages and lost benefits, reinstatement, or in the alternative, front pay, compensatory damages, including emotional distress, and punitive damages.

On December 20, 2012, Defendant timely removed the action to this Court on the basis of diversity jurisdiction. Plaintiff now moves to remand the action. Plaintiff's sole argument for remand is that Defendant did not meet its burden of establishing that the amount in controversy exceeds $75,000.

As discussed below, the Court agrees that Defendant did not establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.

## **DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The parties do not dispute whether complete diversity of citizenship exists. When, as here, damages are not specified in the state court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all

uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).[1]

In determining the amount in controversy, the court should look first to the complaint. *Id.* If the amount is unavailable from the complaint alone, as it is in this case, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed," including evidence submitted in response to a motion to remand. *Id.* In *Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court within the first thirty days after service, is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71. This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

---

[1] Notably, Plaintiff's motion to remand relies on *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), to establish Defendant's burden, but the Eleventh Circuit confirmed in *Pretka* that *Lowery* applies only to cases removed pursuant to the second paragraph of 28 U.S.C. § 1446(b) (now found at 28 U.S.C. § 1446(b)(3)), which is inapplicable here. Since *Pretka*, the Eleventh Circuit has repeatedly and clearly applied this distinction in the removal standards based upon the timing of the removal. *See Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1204 n.2 (11th Cir. 2011); Roe, 613 F.3d at 1061 nn.3-4.

Applying the guidelines set forth in *Roe* and *Pretka*, the Court concludes that Defendant has not met its burden in establishing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.  Although the Court agrees with Defendant that it may calculate back pay damages through the proposed trial date to establish the jurisdictional amount, *see Cashman v. Host Intern., Inc.*, 2010 WL 4659399, *1-2 (M.D. Fla. Nov. 9, 2010), Defendant's calculation results in a back pay amount of $49,559.88, which does not exceed the jurisdictional amount.  Defendant's front pay calculation amounts to $14,159.96, which, added to the back pay amount, still does not establish damages exceeding $75,000.

Defendant's remaining calculations are speculative.  Defendant argues that compensatory damages could range from $5,000 to $30,000.  But the Court cannot conclude, based on the allegations of the complaint, what a jury may award, if anything, for Plaintiff's alleged emotional distress.  Indeed, the complaint and Charge of Discrimination do not allege detailed facts with respect to the alleged harassment and retaliation to assist the Court with applying a common sense approach.  And the complaint reflects that Plaintiff worked for Defendant for only three months ("from around June 2011 until around August 2011"). (Dkt. 2).

Defendant also implies that the Court could apply the statutory maximum of $100,000.00 for punitive damages under the FCRA to establish the jurisdictional amount.  However, as one court has pointed out, "if the prayer for punitive damages satisfies the amount in controversy requirement, nearly every [FCRA] case is immediately removable."

*Desmond v. HSBC Servs., Inc.,* 2009 WL 2436582, *2 (M.D. Fla. Aug. 6, 2009). And the allegations of the complaint and Charge of Discrimination do not include sufficient facts to permit the Court to reasonably infer an award of punitive damages.

Finally, Defendant's reliance on Plaintiff's pre-suit settlement demand in the amount of $75,000 does not establish the jurisdictional amount. Indeed, this amount is not explained in any way. Thus, it cannot assist the Court with an analysis of Plaintiff's damages in this case. Moreover, the amount reflects that Plaintiff apparently seeks less than the jurisdictional amount from Defendant, and Defendant merely speculates that Plaintiff seeks more money from Defendant.

In sum, resolving all uncertainties in favor of remand, the Court concludes that Defendant has not proven the amount in controversy by a preponderance of the evidence.[2] Notwithstanding, the Court will not award Plaintiff attorney's fees.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 6) is granted for the reasons stated herein.

2. The Clerk of Court is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and provide that court with a copy of this Order.

---

[2] Notably, this Order does not prevent Defendant from taking discovery on Plaintiff's damages and removing the case upon an "other paper" under subsection b(3) of 28 U.S.C. § 1446 (assuming Defendant complies with the deadlines set forth in subsections b(3) and c).

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 24, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2876.remand6.frm